UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GREGORY A. GOODWINE, SR.,             :
         Petitioner,              :
                                  :   **MEMORANDUM DECISION**
v.                                    :
                                  :   10 CV 7556 (VB)
WILLIAM A. LEE, Superintendent,       :
Green Haven Correctional Facility,    :
         Respondent.             :
--------------------------------------------------------------x

Briccetti, J.:

      Now pending before the Court is Magistrate Judge Smith's Report and Recommendation ("R&R"), dated May 7, 2012 (Doc. # 22), on Gregory A. Goodwine Sr.'s petition for a writ of habeas corpus.  For the following reasons, the Court adopts the R&R as the opinion of the Court.  The petition is DENIED, and dismissed.  The Court presumes familiarity with the factual and procedural background of this case.

I.    Standard of Review

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those

portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest."  Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1]  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply re-litigating a prior argument."  Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it."  Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

II.   Petitioner's Objections

Petitioner objects to the R&R on three grounds:  (1) the magistrate judge erred in concluding petitioner had until April 24, 1997, to timely file his petition; (2) even if petitioner

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

failed to timely file his petition, an intervening change in law demonstrates petitioner is entitled to equitable tolling of the statute of limitations; and (3) the magistrate judge erred in failing to reach the merits of petitioner's claim that his state court convictions were contrary to clearly established law.

>A. <u>Statute of Limitations Objection</u>

Petitioner objects to Judge Smith's conclusion petitioner had until April 24, 1997, to timely file his petition.  Petitioner argues the statute of limitations should have accrued later when a state-created impediment to filing was removed.  Specifically, petitioner argues his state-court-appointed appellate counsel was ineffective in handling his 1995 direct appeal.  He contends his counsel's alleged ineffective assistance should be imputed to the state thereby constituting an ongoing state-created impediment.  Petitioner argues this impediment was removed only after he filed his first post-conviction motion to vacate the 1994 judgment, over a decade later on January 20, 2009.

Petitioner's objection is based on a ground not included in the petition, and petitioner never moved to amend his petition.  When a petitioner fails to raise a claim in his original petition and has not sought leave to amend the petition to assert such a claim, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the petition.  <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985).  "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments."  <u>Abu-Nassar v. Elders Futures, Inc.</u>, 1994 WL 445638, at *4 n.2  (S.D.N.Y. Aug. 17, 1994).

In his petition, petitioner claimed his appellate counsel failed to raise constitutional issues on appeal of his convictions. However, petitioner did not argue that his counsel's alleged ineffective assistance had any effect on petitioner's ability to timely file a petition for a writ of habeas corpus. He did not argue his counsel's alleged ineffective assistance should be imputed to the state, nor did he argue the alleged ineffective assistance constituted a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). Therefore, petitioner's objection is based on a ground not included in the petition and is rejected.[2]

B.  Equitable Tolling Objection

Petitioner asserts an intervening change in law requires the Court to revisit and reject Judge Smith's determination that petitioner was not entitled to equitable tolling of the statute of limitations.

Petitioner fails to cite any intervening changes in the law since Judge Smith's decision. Rather, petitioner cites only a Second Circuit case from 2006, Earley v. Murray, 451 F.3d 71 (2d Cir. 2006). Thus, although styled as an argument based on an intervening change in the law, petitioner's objection is really an attempt to reargue his request for equitable tolling based on a ground not included in the petition. Petitioner never moved to amend his petition. Therefore, petitioner's objection is rejected. Nelson v. Smith, 618 F. Supp. at 1191 n.5; Abu-Nassar v. Elders Futures, Inc., 1994 WL 445638, at *4 n.2.[3]

---

[2]  To the extent petitioner objects that he is not time barred because he was unaware of the alleged constitutional violations related to his 1994 conviction until recently, this objection reiterates arguments made in his petition, and is otherwise general or conclusory. The Court has reviewed the portion of Judge Smith's R&R regarding the statutory tolling of statute of limitations, and finds no clear error in the record.

[3]  Moreover, Earley v. Murray, 451 F.3d 71 (2d Cir. 2006) does not support petitioner's contention either that the petition was timely filed, or that the statute of limitations should be equitably tolled. In Earley v. Murray, a federal district court dismissed a petition for habeas corpus as untimely. Upon request, the district court reconsidered its ruling, and denied the

Moreover, the Court has reviewed the portion of Judge Smith's R&R regarding equitable tolling, and finds no clear error in the record.

C.  Second Circuit Precedent Objection

Petitioner objects to the R&R because it failed to address whether the state court convictions were "contrary to" clearly established law. Specifically, petitioner argues the state court convictions were contrary to Supreme Court law as applied by the Second Circuit in Earley v. Murray, 451 F.3d 71 (2d Cir. 2006).

In other words, petitioner objects to the R&R because Judge Smith did not reach the merits of petitioner's claims. Judge Smith did not reach the merits of petitioner's claims because she determined the petition was untimely. The Court agrees and rejects petitioner's objection.

**CONCLUSION**

Upon the appropriate review of the record, the Court finds Magistrate Judge Smith's R&R to be a clear and proper statement and application of the law. The Court therefore adopts the R&R as its decision, and the petition is denied and dismissed.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this ruling would not be taken in

---

petition on the merits noting that a hearing would have been necessary to resolve the timeliness issue. The Second Circuit also addressed the petition on the merits and never reached the timeliness issue. Rather, the Second Circuit remanded the case for the district court to determine whether the petition was timely filed. Id. at 76.

5

good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

    The Clerk is instructed to close this case.

Dated: August 9, 2012
       White Plains, NY

                                    SO ORDERED:

                                    _____

                                    Vincent L. Briccetti